IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE No.: 20-01123 (BKT) |
| **AILEEN CONDE AGUIAR** | CHAPTER 13 |
| Debtor | (X) 11 U.S.C. §1325 (b)(1)(B) and (b)(4), on *Disposable income test* |
| PRESTAMAS | |
| Movant | |

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

TO THE HONORABLE COURT:

Comes now **PRESTAMAS** through its undersigned counsel and respectfully alleges and prays:

### I. JURISDICTION

1. This Honorable Court has jurisdiction over the instant case pursuant to 28 USC §1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409, 11 U.S.C. §1322(a)(1), on *Contents of a plan (income)*; 11 U.S.C. §1325(b)(1)(B), on *disposable income test*.

### II. FACTS

2. Debtor filed instant petition for relief under the provisions of chapter 13 of the Bankruptcy Code (11 U.S.C. §1301 *et seq.*) on February 29, 2020.

3. Movant filed an unsecured proof of claim in the amount of $4,915.36 regarding account no. 9413, identified as claim no. 5 at Claims' Register.

4. According to the "*Chapter 13 statement of current monthly income calculation of commitment period and disposable income*" filed by Debtor (docket no. 1) she has an *above median* income and therefore a 60 months commitment period. Within those 60 months Debtor must submit all its disposable income to fund the plan.

5. Debtor's proposed chapter 13 plan dated February 29, 2020 (docket no. 3) pays unsecured creditors in pro-rata basis.

6. According to trustee's unfavorable recommendation dated May 19, 2020 (docket no. 15) the proposed plan February 29, 2020 (docket no. 3) fails to comply with the *disposable*

*income test.*

7. Movant joins trustee's objection (docket no. 15) to the confirmation of the plan dated February 29, 2020 (docket no. 3) because it fails to comply with the requirements of the Bankruptcy Code regarding *disposable income test.*

In compliance with Local Bankruptcy Rule 9013-2 (a), Firstbank PR hereby submits its motion or response accompanied by a supporting memorandum that contains the points and authorities in support of its position, together with the pertinent affidavits and/or documents.

### III. DISCUSSION

- **DISPOSABLE INCOME TEST**

8. As a general rule, section 1322(a)(1) of the Bankruptcy Code (11 U.S.C.) on *Contents of plan*, states that a chapter 13 plan "shall provide for the submission of all or such portion of future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan".

9. Although, not defined under the amended 11 U.S.C. §101 of the Code, for eligibility purposes, "income" has been broadly interpreted to include wages, salary, commissions, assistance payments, benefits programs, entitlements programs, pensions, receipts from the sale of crops. As well, the courts has held that the liquidation of a personal injury cause of action subsequent to the filing of the Chapter 13 bankruptcy case would constituted projected disposable income for purposes of §1325(b). Chapter 13: Bankruptcy, Volume 2, Lundin Keith M., page 5-95.

10. On 1984 Congress added §1325(b) to the Code, best known as the "disposable income test", that prohibits the bankruptcy court form confirming a Chapter 13 plan over the objection of the Trustee or the holder of an allowed unsecured claim unless one of two conditions are met: (1) "the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim", or (2) "the plan provides that all the debtor(s) projected disposable income to be receive in the three (3) years period beginning on the date of the first payment is due under the plan will be applied to make payments under the plan. Id. Lundin, Keith M., pg. 5-89.

11. The term *disposable income* has been defined by section 1325(b)(2) "means current

monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child in accordance with applicable non-bankruptcy law to the extent reasonably necessary to be expended for such child) less that amount reasonably necessary to be expended."

12. BAPCA 2006 amendments to 11 U.S.C. §1325 (b) (1) (A) require that the disposable income dedicated to the plan must be paid to unsecured creditors. As stated in the case of *In re Kibbe*, 361 B.R. 302, 312 (B.A.P. 1st Cir. 2007), "the heart of the consumer bankruptcy reform ["BAPCA"] consist of the implementation of an income/expense screening mechanism ("needs-based bankruptcy relief" or "means-testing"), which is intended to ensure that debtors repay creditors the maximum they can afford."

13. Along with section 1325(b)(1)(B), as well, the Court ruled in *In Re Gibson*, 142 BR 879 (Bankr. N. D. Mo. 1992):

> "the *disposable income test* is appropriately applied to determine whether a Chapter 13 debtor can retain a luxury car while paying unsecured claim holders less than 100%. Analysis under §1325(b)(1)(B) is appropriate because both pre-petition debts and post-petition expenses affect a debtor's disposable income ... A Chapter 13 debtor who uses post-petition income to pay for a luxury vehicle, whether he pays for that vehicle 'inside' or 'outside' the plan, does not apply all his disposable income to payments of other debts under the plan ... <u>A Chapter 13 debtor who is not able to pay its unsecured creditors in full should be expected to demonstrate a degree of belt tightening</u>..." (emphasis supplied)

14. Several Courts that have admitted with the analysis that *disposable income test* requires the bankruptcy court to reduce debtor' style of living. As the bankruptcy court ruled and explained at *In Re Sutliff* and *In Re Whitelock*, "the inclusion of cumulative generous amount for recreation, home maintenance, clothing and personal grooming demonstrate the (debtors') unwillingness to modify their lifestyles to satisfy their obligations". *In Re Sutliff*, 79 B.R. 151 (Bankr. NDNY, 1987), *In Re Whitelock*, 122 BR 582 (Bankr. Utah 1990). As well, the Courts ruled in *In Re Cordes*, 147 BR 498 (Bankr. D.Minn. 1992) that "the good faith test under §1325(a)(3) prohibits debtor from paying for a 16-foot recreational boat while paying unsecured claim holders only 46%".

15. Likewise, under 11 USC 1325(b)(2)(A) there is a general rule where "reasonably necessary" has been interpreted as "adequate" but not *first class*. Thus, the Courts have been

emphatically clear that *luxuries are excluded*. See *In Re Tinnerberg*, 72 B.R. 615 (Bankr. E.D.N.C. 1986).

16. According to section 1325(a)(3) of the Bankruptcy Code (11 U.S.C.), the court shall confirm a plan if it has been proposed in good faith and not by any means forbidden by law. "*Good faith* requirement is the policing mechanism of bankruptcy courts to assure that any debtor who invokes the reorganization provisions of Chapter 13 do so to accomplish the aims and objectives of bankruptcy philosophy and policy, not for other purpose. *In re Chase*, D.C. Md. 1984, 43 B.R. 739.

   17. "Congress offered the expanded Chapter 13 discharge as a *quid pro quo* for Chapter 13 debtors. Chapter 13 debtors receive an expanded discharge in exchange for the sacrifices they make in their plans. This exchange is fair to creditors, as they receive a distribution under Chapter 13 which they could not realize in Chapter 7. Accordingly, in <u>order for a Chapter 13 plan seeking to discharge otherwise non-dischargeable debt to satisfy the good faith confirmation requirement, the plan must include sufficient distribution to unsecured creditors. The fact that the debtor seeks to discharge an otherwise nondischargeable debt is a necessary factor in considering the adequacy of distribution and the overall good faith of the plan. Where the debtor seeks to take advantage of the expanded discharge, the Chapter 13 plan must go beyond best efforts</u>; in other words, a plan which proposes to discharge debts that would not be dischargeable in Chapter 7 may, in many cases, need to provide a greater return to unsecured creditors than one that does not take advantage of the expanded discharge. Robert J. Bein, *Subjectivity, Good Faith and the Expanded Chapter 13 Discharge*, Missouri Law Review, Summer 2005, page 656.

18. A chapter 13 Debtor who insist on keeping investments, luxury items, new cars or new houses are not likely to pass the good faith review at confirmation. <u>Chapter 13: Bankruptcy</u>, Lundin, Keith M., 3d. Edition, §196-3.

19. Section 1322(d) of the Bankruptcy Code (11 U.S.C.) determines the maximum plan length by using a provided mathematical analysis. *Baud v. Carroll*, 2011 U.S. App. LEXIS 2182 (6th Cir. Mich. 2011). In essence, it verifies the current monthly income of debtor and its spouse multiplied by 12, and compared to the state's median income. "Specifically, if the debtor and the debtor's spouse have combined current monthly income above the median income, the debtor's plan may be no longer than five years. If income is below the median, then the plan may be no longer than three years or, with court approval, five years." Alane A. Becket & Thomas A. Lee III, *Applicable Commitment Period Time or Money*, ABI Journal, March 2006,

page 16. Nevertheless, section 1325(b)(4) also includes the above mention mathematical analysis for purposes of determination of debtor's commitment period.

20. To determine compliance with the *commitment period,* the trustee must endure the exercise of a hypothetical liquidation of a chapter 7 estate "on the effective date of the plan" that compares with the value on the "effective date of the plan" of what the debtor proposed to distribute to his unsecured creditors. Therefore, a mathematical calculation must be made of the value of what will be available for distribution for unsecured creditors in a chapter 7 case. To that effect, debtor's distribution must be "present value" [discounted] as of the effective date of the chapter 13 plan. <u>Chapter 13: Bankruptcy</u>, Volume 2, Lundin Keith M., on *Best Interest of Creditors Test.*

21. When a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation. *Hamilton v. Lanning,* 2010 U.S. LEXIS 4568 (2010).

**IV. ALLEGATIONS**

22. Movant filed an unsecured proof of claim in the amount of $4,915.36 regarding account no. 9413, identified as claim no. 5 at Claims' Register.

23. According to the "*Chapter 13 statement of current monthly income calculation of commitment period and disposable income*" filed by Debtor (docket no. 1) she has an *above median* income and therefore a 60 months commitment period.

24. Debtor's proposed chapter 13 plan dated February 29, 2020 (docket no. 3) pays unsecured creditors in pro-rata basis.

25. <u>In order for trustee and creditors to determine compliance with the ***disposable income test*** Debtor must provide evidence of the maturity date of its retirement loan</u>.

26. In light of the above stated, Movant does not accept the proposed plan dated February 29, 2020 (docket no. 3) and joins trustee's objection (docket no. 15) as it fails to comply with the *disposable income test*.

WHEREFORE, Movant respectfully requests this Honorable Court to grant this motion and deny the confirmation of the proposed plan.

**NOTICE**
Within fourteen (14) days after service as evidenced by the certification, and additional

three (3) days pursuant to Fed. R. Bankr. P. 9006 (f) if you were served by mail, any party against whom this paper has been served, or any party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's Office Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise. Local Bankruptcy Rule 9013-1 (c)(1).

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 27th day of May, 2020.

### CERTIFICATE OF SERVICE

I hereby certify that a copy was served by CM/ECF at the authorized address to: all creditors, Alejandro Oliveras Rivera, Esq., Chapter 13 Trustee, Roberto Figueroa Carrasquillo, Esq., Debtor's attorney and to Debtor by regular mail to the address of record: P.O. Box 6195, Caguas, P.R. 00726, as per the attached *List of Creditors*.

//s// Maricarmen Colón Díaz
**MARICARMEN COLON DIAZ**, Esq.
Attorney for Movant - USDC 211410
MARIA M. BENABE RIVERA– USDC 208906
P.O. Box 9146, Santurce, P.R. 00908-0146
Centro de Servicios al Consumidor (248)
1130 Muñoz Rivera Avenue, San Juan, P.R.
Tel. (787) 729-8135 / Fax (787) 729-8276
maricarmen.colon@firstbankpr.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 20-01123-BKT13<br>District of Puerto Rico<br>Old San Juan<br>Wed May 27 15:12:08 AST 2020 | BANCO POPULAR DE PUERTO RICO<br>COLON SANTANA & ASOCIADOS CSP<br>315 COLL & TOSTE<br>SAN JUAN, PR 00918-4026 | US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 |
| American InfoSource<br>T-Mobile<br>PO Box 248848<br>Oklahoma City, OK 73124-8848 | BANCO POPULAR DE PR, BANKRUPTCY DEPARTMENT<br>PO Box 362708, San Juan PR 00936-2708<br>(787) 723-0077 | Banco Popular de Puerto Rico<br>Bankruptcy Department<br>PO Box 366818<br>San Juan, PR 00936-6818 |
| Carico International<br>2851 W Cypress Creek Rd<br>Fort Lauderdale, FL 33309-1781 | Comenitybank/victoria<br>PO Box 182789<br>Columbus, OH 43218-2789 | Cooperativa Oriental<br>PO Box 876<br>Humacao, PR 00792-0876 |
| Island Finance<br>PO Box 71504<br>San Juan, PR 00936-8604 | Juan A. Santos Berrios Esq.<br>PO Box 876<br>Humacao, PR 00792-0876 | MIDLAND FUNDING LLC<br>PO BOX 2011<br>WARREN MI 48090-2011 |
| Money Express<br>PO Box 9146<br>San Juan, PR 00908-0146 | PRESTAMAS<br>CONSUMER SERVICE CENTER<br>BANKRUPTCY DIVISION (CODE 248)<br>PO BOX 9146 SAN JUAN PR, 00908-0146 | Quantum3 Group LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Quantum3 Group LLC as agent for<br>Comenity Bank<br>PO Box 788<br>Kirkland, WA 98083-0788 | Quantum3 Group LLC as agent for<br>MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | Quantum3 Group LLC as agent for<br>Sadino Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| Synchrony Bank<br>PO Box 105972<br>Atlanta, GA 30348-5972 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk VA 23541-1021 | Synchrony Bank<br>c/o of PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| (p)T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | AILEEN CONDE AGUIAR<br>PO BOX 6195<br>CAGUAS, PR 00726-6195 | ALEJANDRO OLIVERAS RIVERA<br>ALEJANDRO OLIVERAS CHAPTER 13 TRUS<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 |
| MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET SUITE 301<br>SAN JUAN, PR 00901 | ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 186<br>CAGUAS, PR 00726-0186 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

T-Mobile
12920 SE 38th St # Stre
Bellevue, WA 98006-1350

End of Label Matrix
Mailable recipients 25
Bypassed recipients 0
Total 25